UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CRISFORO DE LEON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:13-CV-468 |
| § | |
| TRAVELERS LLOYDS OF TEXAS § | |
| INSURANCE COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER TO REMAND

Pending before the Court is the self-styled "Plaintiff's Opposed Motion for Remand," which Crisforo De Leon ("Plaintiff") filed on September 20, 2013.[1] Ginger Marie Gayski and Travelers Lloyds of Texas Insurance Company ("Defendants") responded on October 10, 2013.[2]

After considering the removal, motion for remand, response, and the relevant authorities, the Court finds that Defendants fail to carry the heavy burden of establishing improper joinder, and that the parties in this case are non-diverse. Thus the Court lacks jurisdiction, and **REMANDS** the case to State court.

### I.   Background

On March 29, 2012, hailstorms swept South Texas, and Plaintiff suffered damages to his property, for which Plaintiff filed insurance claims.[3] On July 26, 2013, Plaintiff sued Defendants in State court, alleging *inter alia* breach of contract, negligence, and violations of Chapters 541 and 542 of the Texas Insurance Code.[4] On August 30, 2013, Defendants removed to this Court,

---

[1] Dkt. No. 6.
[2] Dkt. No. 8.
[3] Dkt. No. 1, Attach. 2. at p. 11.
[4] *Id.* at pp. 9-14.

asserting subject matter jurisdiction due to improper joinder of insurance adjuster Ginger Marie Gayski, the only non-diverse defendant.[5]

## II. Improper Joinder Analysis

*Standards for Remand and Joinder*

The Court does not have subject matter jurisdiction under 28 U.S.C. §1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[6] In this case the parties do not dispute the amount in controversy, so the Court will address only the dispute over diversity. The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[7] Moreover, the Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[8] "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[9]

When considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[10] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[11] In conducting the 12(b)(6)-type analysis in the improper joinder context, the Court evaluates the petition under the state-court pleading standards,[12] by which the

---

[5] Dkt. No. 1.
[6] 28 U.S.C. §§1332(a), 1441.
[7] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[8] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[9] *Id.*
[10] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[11] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[12] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

pleading must state a cause of action and give fair notice of the relief sought.[13] The Supreme Court of Texas has stated:

> "In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment."[14]

*Plaintiff's Pleadings*

The Court will now assess whether Plaintiff has alleged Ms. Gayski violated the Texas Insurance Code in accordance with Texas pleading standards. Plaintiff alleged in his Original Petition, "The estimate written by TRAVELERS' adjuster, Defendant GAYSKI, failed to include all of the clearly visible damages, did not include a reasonable basis to deny any portion of the claim, and was a pretext for the underpayment of the claim. GAYSKI spent a short time at Plaintiff's home on the day of the inspection, and failed to reasonably investigate the damage and honestly evaluate the repair costs, misrepresenting the extent and causation of the damage, the nature of the applicable coverage, and the insured's right to recover damage costs under the applicable insurance coverage."[15] Plaintiff alleged these acts constituted violations of Texas Insurance Code Chapters 541 and 542, and asked for judgment against Defendant Travelers Lloyds. Clearly, Plaintiff has met Texas' notice pleading standards by providing a short statement sufficient to give fair notice of the claim involved as to Ms. Gayski.[16]

*Defendants' Objections*

However, Defendants object that Plaintiff's allegations against Ms. Gayski fail to state a claim under Texas law, on three grounds: Plaintiff fails to bring a claim against Ms. Gayski

---

[13] *Id. See also* TEX. R. CIV. P. 45 & 47.
[14] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[15] Dkt. 1, Attach. 3 at p. 8.
[16] *See* TEX. R. CIV. P. 47 (a).

personally, Plaintiff fails to plead with the requisite specificity, and Plaintiff lacks standing to bring a claim on behalf of the Estate of Maria De Los Santos. The Court will consider each of these objections in turn.

### Failure to Bring an Individual Action

First, Defendants believe that all Ms. Gayski's alleged violations fall within the "course and scope of her performance of employment duties for Travelers," and that this fact means Plaintiff can bring no independent claim against her.[17] However, Defendants conflate an evidentiary requirement with a pleading standard. The Fifth Circuit has indicated that allegations that the adjuster herself directly violated the insurance code and caused damages satisfy Texas pleading requirements at this early stage of the proceedings.[18] Plaintiff need not show at this stage that Ms. Gayski acted outside the course of her employment. Plaintiff merely must allege that Ms. Gayski herself violated the code and caused damages.

Plaintiff has alleged clearly that Ms. Gayski violated the insurance code. However, Plaintiff seeks relief from Travelers Lloyd's alone, which might seem to indicate that only Travelers Lloyd's caused Plaintiff damages.[19] Despite this confused drafting, Plaintiff's complaint contains sufficient factual basis for the Court to find that Plaintiff has alleged Ms. Gayski individually caused damages.[20] Because *damages caused* rather than *relief sought* forms the Court's standard, Plaintiff has satisfied Texas pleading requirements and properly joined Ms. Gayski.

---

[17] Dkt. No. 8 at p. 5; *see also* Dkt. No. 1 at p. 5.
[18] *See* Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 544-45 (5th Cir. 2004) (finding that Texas would not allow recovery "*in the absence of* evidence sufficient to sustain a finding that that employee *himself* committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." (emphasis in original)).
[19] Dkt. No. 1, Attach. 3 at pp. 9-16.
[20] *See* p. 3 and note 15 *supra*.

The Court notes that at the end of this section of their response, Defendants write, "Furthermore all of Plaintiff's cited cases pre-date the *Dalton* opinion."[21] The relative dates of the *Dalton* opinion and Plaintiff's cited cases matter only if the *Dalton* opinion could overrule those cases and set binding precedent for this Court. Defendants appear confused as to the rather elementary distinction between persuasive authority and mandatory authority. A fellow District Court cannot set binding precedent for this Court, or for the District Courts Plaintiff cites.

### Failure to Plead with Specificity

Next, Defendants urge the Court to apply Federal Rule 9(b)'s heightened pleading standards to Plaintiff's pleadings and find them wanting.[22] The Court declines for multiple reasons – arguments which apply to both Defendants cannot establish improper joinder,[23] and Plaintiff has also alleged insurance code violations that do not involve misrepresentations[24] – but most importantly because the Court assesses the adequacy of Plaintiff's pleadings by State, not federal, standards.[25] Application of Rule 9(b) would tell the Court nothing about whether Plaintiff's possibilities of recovery in State court,[26] and the Court has already addressed the adequacy of Plaintiff's pleadings under State standards.

### Lack of Standing

Finally, Defendants assert Plaintiff lacks standing to bring Insurance Code claims on behalf of the Estate of Maria De Los Santos.[27] However, the Court need not decide the question of standing on behalf of the Estate, for two reasons. First, Plaintiff brings suit "Individually and

---

[21] Dkt. No. 8 at p. 5.
[22] Dkt. No. 8 at pp. 5-6.
[23] *See* Smallwood at 571.
[24] Dkt. No. 1, Attach. 3 at pp. 9, 12, 15.
[25] *See supra* note 12.
[26] The 12(b)(6) inquiry must "determine whether the complaint states a claim <u>under state law</u> against the in-state defendant" (emphasis added). *See* sources cited *supra* note 10. *See also* Smallwood at 573 (finding that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff").
[27] Dkt. No. 8 p. 6, ¶2 (citing Mendoza v. American Nat. Ins. Co., 932 S.W.2d 605 (Tex. App. 1996)).

on behalf of the estate,"[28] so his individual suit grants him standing, and the Court may remand on this basis. Second, as to the Estate, the Fifth Circuit has precisely described this situation, where the improper joinder argument would also dismiss a claim against the diverse defendant, and prescribed the course of action. "When a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder of the in-state defendant. In such a situation, the entire suit must be remanded to state court."[29] Thus even granting the relevance of Defendant's argument, the Court would remand to State court.

### III. Holding

Plaintiffs have properly alleged Ms. Gayski violated the Texas Insurance Code, and Defendants have failed to establish improper joinder. With a non-diverse party in the case, this Court lacks jurisdiction. Accordingly, the Court **REMANDS** this case to State court.

IT IS SO ORDERED.

DONE this 23rd day of October, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[28] Dkt. No. 1, Attach. 3 p. 6.
[29] Smallwood at 571.